TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698
    Facsimile: (213) 894-3713
    E-mail:    jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

3/10/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ VAM _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:22-cr-00080-MCS-2 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT EDON YOSHIDA KAGASOFF |
| v. | |
| EDON YOSHIDA KAGASOFF, | |
| Defendant. | |

1.   This constitutes the plea agreement between EDON YOSHIDA KAGASOFF ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the

form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Conspiracy to Operate an Illegal Gambling Business in violation of 18 U.S.C. § 371.

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Agree to and not oppose the imposition of the following conditions of probation or supervised release: defendant may not place, receive, or otherwise make any bets or wagers on sporting events or assist others in the placing of any bet or wager on sporting events.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of the illegal activity to which

2

defendant is pleading guilty, specifically including, but not limited to, the following:

         i.   $525,509.00 in United States currency seized from defendant's residence on or about February 7, 2020;

         ii.  $2,097,918.62 seized from four Bank of America accounts controlled by defendant ending '2900, '9519, '9145, and '5830;

         iii. $494,161.75 seized from two Citibank accounts controlled by defendant ending '1477 and '1485; and

         iv.  $46,973.72 seized from a Wells Fargo account controlled by defendant ending '7712 (collectively, the "Forfeitable Assets").

     b.  To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

     c.  To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

     d.  Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

4.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal

4

Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

5.   Defendant further agrees to cooperate fully with the USAO, the Department of Homeland Security, Homeland Security Investigations, and the Internal Revenue Service Criminal Investigations, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.   Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.   Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.   Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

d.   If requested to do so by the USAO, act in an undercover capacity to the best of defendant's ability in connection with criminal investigations by federal, state, local, or foreign law enforcement authorities, in accordance with the express instructions of those law enforcement authorities.  Defendant agrees not to act in an undercover capacity, tape record any conversations, or gather any evidence except after a request by the USAO and in accordance with express instructions of federal, state, local, or foreign law enforcement authorities.

6.   For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records,

tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement or pursuant to the letter agreements previously entered into by the parties dated February 11, 2020; June 11, 2020; September 18, 2020; and April 20, 2021 (the "Letter Agreements"); and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

THE USAO'S OBLIGATIONS

7.   The USAO agrees to:

    a.   Not contest facts agreed to in this agreement.

    b.   Abide by all agreements regarding sentencing contained in this agreement.

    c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

8.   The USAO further agrees:

    a.   Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant

should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

b.   Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed.  Defendant understands, however, that Cooperation Information will be disclosed to the United States Probation and Pretrial Services Office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c.   In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d.   If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 and 5 above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

7

1

<u>DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION</u>

2    9.   Defendant understands the following:

3         a.   Any knowingly false or misleading statement by
4    defendant will subject defendant to prosecution for false statement,
5    obstruction of justice, and perjury and will constitute a breach by
6    defendant of this agreement.

7         b.   Nothing in this agreement requires the USAO or any
8    other prosecuting, enforcement, administrative, or regulatory
9    authority to accept any cooperation or assistance that defendant may
10   offer, or to use it in any particular way.

11        c.   Defendant cannot withdraw defendant's guilty plea if
12   the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a
13   reduced guideline range or if the USAO makes such a motion and the
14   Court does not grant it or if the Court grants such a USAO motion but
15   elects to sentence above the reduced range.

16        d.   At this time the USAO makes no agreement or
17   representation as to whether any cooperation that defendant has
18   provided or intends to provide constitutes or will constitute
19   substantial assistance.  The decision whether defendant has provided
20   substantial assistance will rest solely within the exclusive judgment
21   of the USAO.

22        e.   The USAO's determination whether defendant has
23   provided substantial assistance will not depend in any way on whether
24   the government prevails at any trial or court hearing in which
25   defendant testifies or in which the government otherwise presents
26   information resulting from defendant's cooperation.

27

28

1                    NATURE OF THE OFFENSE

2          10.  Defendant understands that for defendant to be guilty of

3     the crime charged in the single-count information, that is,

4     Conspiracy to Operate an Illegal Gambling Business, in violation of

5     Title 18, United States Code, Section 371, the following must be

6     true:

7              a.   Beginning in 2014, and continuing through on or about

8     February 7, 2020, there was an agreement between two or more persons

9     to commit the crime of Operating an Unlawful Gambling Business, in

10    violation of Title 18, United States Code, Section 1955;

11             b.   The defendant became a member of the conspiracy

12    knowing of at least one of its objects and intending to help

13    accomplish it; and

14             c.   One of the members of the conspiracy performed at

15    least one overt act on or after August 1, 2016, for the purpose of

16    carrying out the conspiracy.

17         11.  Defendant understands that for a defendant to be guilty of

18    Operating an Unlawful Gambling Business, in violation of Title 18,

19    United States Code, Section 1955, the following must be true:

20             a.   Defendant conducted a business consisting of unlawful

21    sports gambling;

22             b.   Sports gambling was illegal in the State in which

23    defendant conducted the business, namely, California; and

24             c.   The business involved five or more persons who

25    conducted all or part of the business; and

26             d.   The business had been in substantially continuous

27    operation by five or more persons for more than thirty days, or had a

28    gross revenue of more than $2,000 in any single day.

PENALTIES

12.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

13.  The Court will also order forfeiture of the property listed in the forfeiture notice in the information pursuant to 18 U.S.C. § 982.

14.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

15.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

10

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

16.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

17.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in 2014 and continuing to on or about February 7, 2020, in Los Angeles and Orange Counties, California, defendant conspired with co-defendant Wayne Joseph Nix and others to conduct an unlicensed and illegal bookmaking business that took bets for money

on the outcome of sporting events from various persons at agreed-upon odds.  The business (the "Nix Gambling Business"), which defendant and co-defendant Nix operated in violation of California Penal Code Section 337(a) (prohibiting bookmaking within the state of California), involved more than five persons who conducted, financed, managed, supervised, directed, or owned all or part of the business, including defendant, Nix, K.A., M.F., M.O., D.S., and M.S.  The business remained in substantially continuous operation by at least five persons for at least six years and often had gross revenue of well over $2,000 on a single day.

Specifically, defendant, operating out of various locations in Los Angeles and Orange Counties, solicited and accepted customers for the Nix Gambling Business.  Defendant worked as an agent, meaning he placed and accepted bets from others for the Nix Gambling Business. Defendant and Nix, and other co-conspirators working at their direction, would use websites and a call center controlled by Sand Island Sports to create accounts through which Nix Gambling Business's customers could place and track wagers.  Sand Island Sports was based in Costa Rica.  When defendant found a new customer who wanted to place wagers on sporting events, defendant, or one of his associates, contacted Sand Island Sports and arranged for an account to be set up for the customer.  After the account was established, defendant advised the customer as to the limits on his or her wagering activity, and referred the customer to the Sand Island Sports website (www.SandIslandSports.com) to allow California residents and others to place wagers on sporting events over the internet, in violation of California Penal Code Section 337a. Defendant and others in the Sand Island Sports organization would

keep track of the customers' wagering activity and win/loss record. When bettors won a bet, defendant or an associate paid them based on the size of the bet and the odds that had been set by Sand Island Sports.  When bettors lost, defendant or an associate collected the amounts due under the terms of the bet.  In all instances, the Nix Gambling business, rather than Sand Island Sports, paid the winnings to the bettors and retained almost all of the money collected from bettors as a result of their losses.

The following acts were committed in furtherance of the conspiracy, and to accomplish its objects:

(a) On January 30, 2017, by text message, defendant KAGASOFF told Agent #1 that Agent #1 owed $2,318 for his personal gambling losses, and defendant KAGASOFF provided Agent #1 balances (i.e., total amounts due) for two of Agent #1's clients;

(b)  On April 1, 2017, by text message, defendant KAGASOFF provided a former professional baseball player the Sand Island Sports website address and an account number, and told the client that the maximum wager he can place on a game is $25,000;

(c)  On July 8, 2017, by text message, defendant KAGASOFF told Agent #2 that defendant KAGASOFF would call co-defendant NIX to discuss a potential loan for Agent #2 to enable Agent #2 to pay winnings to a bettor who wagered $1 million annually with Agent #2, and Agent #2 agreed to let defendant KAGASOFF drive Agent #2's Ferrari for a month if defendant KAGASOFF was able to convince co-defendant NIX to loan him the money;

(d) On January 12, 2019, by text message, defendant KAGASOFF agreed to meet Agent #3 later that day to collect money that Agent #3 had collected from a bettor; and

13

1    (e) On November 15, 2019, by text message, defendant KAGASOFF

2 told a business manager for a professional basketball player that

3 defendant KAGASOFF would increase the maximum dollar amount the

4 business manager can wager on "NBA games" to $25,000 per game.

5 SENTENCING FACTORS

6    18.  Defendant understands that in determining defendant's

7 sentence the Court is required to calculate the applicable Sentencing

8 Guidelines range and to consider that range, possible departures

9 under the Sentencing Guidelines, and the other sentencing factors set

10 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

11 Sentencing Guidelines are advisory only, that defendant cannot have

12 any expectation of receiving a sentence within the calculated

13 Sentencing Guidelines range, and that after considering the

14 Sentencing Guidelines and the other § 3553(a) factors, the Court will

15 be free to exercise its discretion to impose any sentence it finds

16 appropriate up to the maximum set by statute for the crime of

17 conviction.

18    19.  Defendant and the USAO agree to the following applicable

19 Sentencing Guidelines factors:

20  Base Offense Level:      [12]   [U.S.S.G. §§ 2E3.1(a)(2),

21                                              2X1.1(a)]

22 Defendant and the USAO reserve the right to argue that additional

23 specific offense characteristics, adjustments, and departures under

24 the Sentencing Guidelines are appropriate.

25    20.  Defendant understands that there is no agreement as to

26 defendant's criminal history or criminal history category.

27    21.  Defendant and the USAO reserve the right to argue for a

28 sentence outside the sentencing range established by the Sentencing

1    Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2    (a)(2), (a)(3), (a)(6), and (a)(7).

3                     WAIVER OF CONSTITUTIONAL RIGHTS

4        22.  Defendant understands that by pleading guilty, defendant
5    gives up the following rights:

6             a.    The right to persist in a plea of not guilty.

7             b.    The right to a speedy and public trial by jury.

8             c.    The right to be represented by counsel – and if
9    necessary have the Court appoint counsel - at trial.  Defendant
10   understands, however, that, defendant retains the right to be
11   represented by counsel – and if necessary have the Court appoint
12   counsel – at every other stage of the proceeding.

13            d.    The right to be presumed innocent and to have the
14   burden of proof placed on the government to prove defendant guilty
15   beyond a reasonable doubt.

16            e.    The right to confront and cross-examine witnesses
17   against defendant.

18            f.    The right to testify and to present evidence in
19   opposition to the charges, including the right to compel the
20   attendance of witnesses to testify.

21            g.    The right not to be compelled to testify, and, if
22   defendant chose not to testify or present evidence, to have that
23   choice not be used against defendant.

24            h.    Any and all rights to pursue any affirmative defenses,
25   Fourth Amendment or Fifth Amendment claims, and other pretrial
26   motions that have been filed or could be filed.

27

28

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2       23.  Defendant understands that, with the exception of an appeal

3  based on a claim that defendant's guilty plea was involuntary, by

4  pleading guilty defendant is waiving and giving up any right to

5  appeal defendant's conviction on the offense to which defendant is

6  pleading guilty.  Defendant understands that this waiver includes,

7  but is not limited to, arguments that the statute to which defendant

8  is pleading guilty is unconstitutional, and any and all claims that

9  the statement of facts provided herein is insufficient to support

10 defendant's plea of guilty.

11      <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

12      24.  Defendant agrees that, provided the Court imposes a term of

13 imprisonment within or below the range corresponding to an offense

14 level of 10 and the criminal history category calculated by the

15 Court, defendant gives up the right to appeal all of the following:

16 (a) the procedures and calculations used to determine and impose any

17 portion of the sentence, with the exception of the Court's

18 calculation of defendant's criminal history category; (b) the term of

19 imprisonment imposed by the Court, except to the extent it depends on

20 the Court's calculation of defendant's criminal history category;

21 (c) the fine imposed by the Court, provided it is within the

22 statutory maximum; (d) to the extent permitted by law, the

23 constitutionality or legality of defendant's sentence, provided it is

24 within the statutory maximum; (e) the term of probation or supervised

25 release imposed by the Court, provided it is within the statutory

26 maximum; and (f) any of the following conditions of probation or

27 supervised release imposed by the Court: the conditions set forth in

28 Second Amended General Order 20-04 of this Court; the drug testing

16

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);
and any conditions of probation or supervised release agreed to by
defendant in paragraph 2.

25.  Defendant also gives up any right to bring a post-
conviction collateral attack on the conviction or sentence, except a
post-conviction collateral attack based on a claim of ineffective
assistance of counsel or an explicitly retroactive change in the
applicable Sentencing Guidelines, sentencing statutes, or statute of
conviction.  Defendant understands that this waiver includes, but is
not limited to, arguments that the statute to which defendant is
pleading guilty is unconstitutional, that newly discovered evidence
purportedly supports defendant's innocence, and any and all claims
that the statement of facts provided herein is insufficient to
support defendant's plea of guilty.

26.  The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 10 and the criminal
history category calculated by the Court, the USAO gives up its right
to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and succeeds
in withdrawing defendant's guilty plea on any basis other than a
claim and finding that entry into this plea agreement was
involuntary, then (a) the USAO will be relieved of all of its
obligations under this agreement, including in particular its

1  obligations regarding the use of Cooperation Information; and (b) in

2  any investigation, criminal prosecution, or civil, administrative, or

3  regulatory action, defendant agrees that any Cooperation Information

4  and any evidence derived from any Cooperation Information shall be

5  admissible against defendant, and defendant will not assert, and

6  hereby waives and gives up, any claim under the United States

7  Constitution, any statute, or any federal rule, that any Cooperation

8  Information or any evidence derived from any Cooperation Information

9  should be suppressed or is inadmissible.

10                     EFFECTIVE DATE OF AGREEMENT

11     28.  This agreement is effective upon signature and execution of

12  all required certifications by defendant, defendant's counsel, and an

13  Assistant United States Attorney.

14                       BREACH OF AGREEMENT

15     29.  Defendant agrees that if defendant, at any time after the

16  effective date of this agreement, knowingly violates or fails to

17  perform any of defendant's obligations under this agreement ("a

18  breach"), the USAO may declare this agreement breached.  For example,

19  if defendant knowingly, in an interview, before a grand jury, or at

20  trial, falsely accuses another person of criminal conduct or falsely

21  minimizes defendant's own role, or the role of another, in criminal

22  conduct, defendant will have breached this agreement.  All of

23  defendant's obligations are material, a single breach of this

24  agreement is sufficient for the USAO to declare a breach, and

25  defendant shall not be deemed to have cured a breach without the

26  express agreement of the USAO in writing.  If the USAO declares this

27  agreement breached, and the Court finds such a breach to have

28  occurred, then:

a.   If defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea.

b.   The USAO will be relieved of all its obligations under this agreement; in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crime to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d.   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any

Cooperation Information or any Plea Information should be suppressed or is inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

NO ADDITIONAL AGREEMENTS

33.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

//

//

//

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          34.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney

9

10   /s/ Jeff Mitchell                          3/9/2022

11   JEFF MITCHELL                              Date
     Assistant United States Attorney

12                                              8-11-21

13   EDON YOSHIDA KAGASOFF                      Date
     Defendant

14                                              08-17-2021

15   JAMES W. SPERTUS                           Date
     Attorney for Defendant
16   Edon Yoshida Kagasoff

17   //

18   //

19   //

20

21

22

23

24

25

26

27

28

                            22

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        8 - 11 - 21
EDON YOSHIDA KAGASOFF                   Date
Defendant

//
//
//

23

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am Edon Yoshida Kagasoff's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of his rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  JAMES W. SPERTUS                          8-17-2021
    Attorney for Defendant                    Date
18  Edon Yoshida Kagasoff

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, **Simonia White**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT FOR DEFENDANT EDON KAGASOFF**

☐ Placed in a closed envelope    ☒ Placed in a sealed envelope
for collection and inter-office      for collection and mailing via
delivery, addressed as follows:    United States mail, addressed
                                                as follows:

**James Spertus, Esq.**
**1990 S. Bundy Dr, Suite 705**
**Los Angeles, CA 90025**

This Certificate is executed on **March 10, 2022**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

*Simonia White*
—————————————————————
Simonia White
Legal Assistant